UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No. 8:17-cv-1290-T-33JSS

MICHAEL A. GARDNER,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff the United States of America's Motion for Summary Judgment (Doc. # 16), filed on July 10, 2017. Defendant Michael A. Gardner filed a document titled "Motion to Deny Plaintiff's Request for Summary Judgment [and] Motion to Dismiss Case filed by the Plaintiff" on August 9, 2017. (Doc. # 20). For the reasons below, the United States' Motion is granted.

**I.  Background**

As noted on the undersigned's website, "[i]n deciding a motion for summary judgment, the Court will deem admitted any fact in the statement of material facts that the opposing party does not specifically controvert, provided the moving party's statement is supported by evidence in the record."

U.S. Dist. Ct., M.D. Fla., Judicial Info, Tampa Division, Virginia M. Hernandez Covington, Civil Motions, http://www.flmd.uscourts.gov/judicialInfo/Tampa/JgCovington.htm. Gardner failed to specifically controvert the material facts and thus admitted all facts in the statement of material facts that are supported by evidence in the record.

Gardner executed a promissory note on September 11, 1984, and a second promissory note on March 15, 1986, to secure student loans from Colonial Savings in the amount of $2,500 each. (Doc. # 16-2 at 1). The loans were disbursed on October 16, 1984, and June 10, 1986, each in the amount of $2,500. (Id.). Both loans accrued interest at a rate of 8% per year. (Id.). "The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. [§] 1071 et seq." (Id.).

The holder of the notes demanded payment and credited $1,761.47 to the outstanding principal. (Id.). Gardner defaulted on April 16, 1988, and August 5, 1988. (Id.). Thereafter, the holder filed a claim against the loan guarantee. (Id.). The guarantor paid the claim and was reimbursed by the Department of Education. (Id.). The

guarantor attempted to collect on Gardner's debt, but it was unable to collect the full amount due. (Id.). So, on April 23, 1993, and May 7, 1993, the guarantor assigned its rights and title to the notes to the Department of Education. (Id.).

The Department of Education has credited $0 in payments from all sources. (Id.). Gardner "now owes the United States" principal in the amount of $2,943.54 plus interest in the amount of $6,650.95 for a total debt as of May 3, 2017, of $9,594.49. (Id.). Interest continues to accrue on the $2,943.54 of principal at a rate of $.65 per day. (Id.).

The United States filed suit against Gardner in this Court on May 30, 2017, to recover on the notes. (Doc. # 1). Gardner was served on June 7, 2017, and filed his answer on July 5, 2017. (Doc. ## 10, 14). After the Court entered its Case Management and Scheduling Order (Doc. # 15), the United States moved for summary judgment. (Doc. # 16). Gardner responded on August 9, 2017. (Doc. # 20). The Motion is now ripe.

## II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to

defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

### III. **Analysis**

"In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits, and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case." United States v. Pelletier, No. 8:08-cv-2224-T-33EAJ, 2009 WL 800140, at *2 (M.D. Fla.

5

Mar. 24, 2009). "The burden then shifts to the borrower to establish that the amount is not due and owing. In the absence of such proof, summary judgment in favor of the claimant is appropriate." Id. (citing United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975)).

The United States has established its prima facie case by providing a copy of the promissory note signed by Gardner (Doc. # 16-1), and the Certificate of Indebtedness, in which the United States' loan specialist states under penalty of perjury that the United States is the current owner and holder of the note and that Gardner defaulted on the note (Doc. # 16-2). See United States v. Carter, 506 Fed. Appx. 853, 858 (11th Cir. 2013) ("To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." (citation omitted)); see also United States v. Hennigan, No. 6:13-cv-1609-Orl-31DAB, 2015 WL 2084729, at *7 (M.D. Fla. Apr. 30, 2015) ("The Department may establish the prima facie elements by producing the promissory note and certificate of indebtedness signed under penalty of perjury."). Therefore, the burden is on Gardner to establish that he does not owe the loan amount described by the United States. "It is not sufficient for [Gardner] to merely allege

6

non-liability; rather, [he] must produce specific and concrete evidence of the nonexistence, payment, or discharge of the debt." Hennigan, 2015 WL 2084729, at *9.

Although Gardner states in his response that he "does not owe debt," that "[t]he principal amount and loan are in question," and that he "has not entered into an agreement," (Doc. # 20 at 1-2), Gardner's response is not sworn to, nor has he submitted any evidence in support of his arguments. By failing to introduce or cite to evidence creating a genuine issue of material fact, much less carry his burden of rebutting the United States' prima facie case, Gardner has not shown that the grant of summary judgment would be inappropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's Motion for Summary Judgment (Doc. # 16) is **GRANTED.**

(2) To the extent Gardner's response can be construed as a motion to dismiss, the motion (Doc. # 20) is **DENIED**.

(3) The Clerk is directed to enter judgment in favor of the United States of America in the amount of $10,719.49 ($2,943.54 in principal, $6,650.95 in interest accrued through May 3, 2017, a $45.00 service fee, and $1,080.00

7

in attorney's fees), plus interest at the rate of 8.00% per annum on the unpaid principal to the date of this judgment and interest at the rate prescribed by 28 U.S.C. § 1961 from the date of judgment, for which sum let execution issue.

(4) Once judgment has been entered, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of August, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE